PER CURIAM.
|, Granted. The decision of the court of appeal is reversed and this case is remanded to the trial court for further proceedings consistent with the views expressed herein.
We agree with the court of appeal that in its entirety, the prosecutor’s cross-examination of defendant violated Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), by focusing on his post-arrest as well as his pre-arrest failure to provide the police with the exculpatory account he offered jurors at trial. State v. Patterson, 10-1791, p. 17 (La.App. 4th Cir. 1/25/12), 81 So.3d 1019, — (““[T]he questions posed by the prosecutor, while used for impeachment, fell within the purview of Doyle. The trial court denied Mr. Patterson’s motion for mistrial and even refused to believe defense counsel’s argument that the questioning was error, finding that the questions were proper.”). However, we do not find defendant’s exculpatory account so implausible that the state carried its burden of proving that the Doyle violation did not contribute to the jury’s verdict and was therefore |2harmless beyond a reasonable doubt in a case which essentially pitted the victim’s word against defendant’s with little or no corroboration on either side. Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993) (“The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.”); of. United States v. Edwards, 576 F.2d 1152, 1155 (5th Cir.1978)(“[C]omment upon silence of the accused is a crooked knife and one likely to turn in the prosecutor’s hand. The circumstances under which it will not occasion a reversal are few and discrete.”). The trial court’s error in permitting the state to impeach defendant with his post-arrest silence thus requires reversal of defendant’s conviction and sentence.
JOHNSON, KNOLL and GUIDRY, JJ., would deny.